UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Chasidy L. Thompson, | : | Case No. 5:92Cv0796 |
| Plaintiff | : | Judge Ann Aldrich |
| v. | : | Magistrate Judge David S. Perelman |
| City of Norton, et al., | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| Defendants | : | |

On January 4, 2010 this Court solicited overdue responses from the defendant (Doc. 91) to the plaintiff's "Motion To Revive Judgement" (Doc. 89) And "Motion For Hearing and Oral Argument On Payment Of Judgment Against Defendant James Wright" (Doc. 90).

A response having now been made, this Court finds that, for whatever good it may do her, under Ohio law the plaintiff is entitled as a matter of right to revive the dormant judgment. That motion will, therefore, be granted by marginal endorsement.

Turning to plaintiff's other motion, it was premised upon the rationale that the Ohio Patrolmen's Benevolent Association (OPBA) has an insurance policy that covered a loss such as the verdict returned in the plaintiff's favor, and that the collective bargaining agreement between the City of Norton and the OPBA also provided that the City would pay such a judgment.

In opposing plaintiff's motion the defense submitted a copy of a collective bargaining agreement between the City of Norton and the OPBA, which it maintains negates the argument that such agreement provides for a recovery against the City. In addition, it is stated in plaintiff's brief

that "upon information and belief, the Union OPBA does not have any liability insurance policy for Norton police officers."

The problem this Court has with the foregoing is that the collective bargaining agreement upon which the defense relies, which does negate plaintiff's argument, covers the period January 1, 2006 through December 31, 2008. However, the events which underlie the judgment recovered by the plaintiff occurred in April 1991 and the judgment was recovered in January 1994. The fact that the collective bargaining agreement produced by the defense negates the argument that the City has a contractual obligation to satisfy the judgment recovered by the plaintiff does not obviate the possibility that the collective bargaining agreement or agreements in effect in April 1991 and/or January 1994 may have had different provisions which would expose the City to liability. Therefore, in order to foreclose that possibility this Court must review the agreement or agreements in effect at those earlier dates.[1]

As regards the question of the existence of a liability insurance policy covering Norton police officers, the representation in a brief that "upon information and belief" such insurance does not exist is unsatisfactory to this Court for each of two reasons.

First, a representation by counsel in a brief, while made by an officer of the court, is nothing more than that.

Second, "upon information and belief" is an equivocal representation.

Therefore, this Court will require an affidavit by a qualified representative of the OPBA that

---

[1] Recognizing that we are looking back almost nineteen years/sixteen years, if those agreements cannot be found in the City's archives this Court will accept an affidavit that a reasonable, but unsuccessful, effort was made to find them.

no such insurance coverage existed in April 1991 and/or January 1994[2] before entering a ruling upon the motion in question.

The responses required by this ruling shall be made within fourteen (14) days hereof.

**IT IS SO ORDERED**

                                    s/DAVID S. PERELMAN
                                    United States Magistrate Judge

DATE:   February 11, 2010

---

[2]Again, considering the lapse of time we are dealing with if a reasonable effort is made to ascertain whether there was such insurance but a definitive statement cannot be made on the subject this Court will accept an affidavit to that effect.